MERREN *v.* EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—EMPLOYER—REINSTATEMENT.

Employee who voluntarily left employment of a Michigan employer and took work with an out-of-state employer, and who was then laid off by the out-of-state employer, was not entitled to reinstatement or use of any part of the credit weeks he had acquired while working for the Michigan employer and which were canceled by his voluntary quit, where record discloses no evidence that the out-of-state employer fell within the definition of "employer" under the act (CLS 1961, §§ 421.29, 421.40, 421.41).

2. SAME—WORDS AND PHRASES—"EMPLOYER"—REINSTATEMENT.

The term "employer" as found in the reinstatement provision of the employment security act is construed to mean only "in-state employers" since the act so defines the term and the act requires that such definition be used, and since the context in which the word "employer" is used does not clearly require a different definition (CL 1948, § 421.39, CLS 1961, §§ 421.40, 421.41).

3. SAME—WORDS AND PHRASES—"EMPLOYER"—DISQUALIFICATION.

The word "employer" as found in the disqualification portion of the employment security act, read in the light of the purpose of the act, is construed to include "in-state employers" as defined by the act as well as "out-of-state employers" and non-subject employers within the State (CLS 1961, §§ 421.29, 421.40, 421.41).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 7, 10, 13, 15, 34, 35.

[2, 3] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 15.

[4] 5 Am Jur 2d, Appeal and Error § 1009.

4. COSTS—UNEMPLOYMENT COMPENSATION—PUBLIC QUESTION.

    Costs are not allowed in appeal from denial of benefits by employment security commission, where a public question is involved.

Appeal from Ingham; Smith (Richard G.), J., presiding. Submitted Division 2 February 10, 1966, at Lansing. (Docket No. 361.) Decided May 24, 1966. Leave to appeal granted by Supreme Court August 3, 1966. See 378 Mich 726, 380 Mich 240.

Certiorari by Robert G. Merren against Michigan Employment Security Commission and Lear Siegler, Inc., following determination by Michigan Employment Security Commission that plaintiff was disqualified from receiving benefits and order for reimbursement for benefits erroneously paid. Judgment for defendants. Plaintiff appeals. Affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (Jerry S. McCroskey, of counsel)*, for plaintiff.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Arthur W. Brown*, Assistant Attorney General, for defendant Employment Security Commission.

LESINSKI, C. J. This matter comes on appeal from the circuit court for the county of Ingham which affirmed the decision of the Michigan employment security commission appeal board in its affirmance of the referee denying the plaintiff unemployment compensation benefits.

The plaintiff was an engineering employee of Lear Siegler, Inc., in Grand Rapids, for the period November 21, 1958 to September 28, 1962. He voluntarily left the employment of Lear Siegler, Inc., on the latter date to accept permanent full-time work with

Douglas Aircraft Company in Florida as an engineer on a missile project. He worked full time for Douglas Aircraft from October 2, 1962, to January 8, 1963, when he was laid off because of the Federal government's cancellation of the missile project. While working for Lear Siegler in February of 1962, he had established a benefit year under the employment security act, CLS 1961, § 421.29 (Stat Ann 1960 Rev § 17.531).[1] At all relevant times after he was laid off by Douglas Aircraft, plaintiff was able and available for work.

On January 11, 1963, plaintiff filed, in Florida through the Florida industrial commission, an interstate claim for unemployment compensation based upon his employment with Lear Siegler. In assisting the plaintiff in the filing of his claim, the Florida industrial commission failed to notify the Michigan employment security commission that plaintiff had left his employer, Lear Siegler, Inc., voluntarily on September 28, 1962.

Pursuant to plaintiff's application, benefits totaling $302.50 were paid by the Michigan employment security commission to plaintiff. However, on April 11, 1963, the Michigan employment security commission issued a redetermination holding plaintiff ineligible for benefits under section 29(1) (a) (1) of the Michigan employment security act, *supra,* because he had voluntarily left his employment without good cause attributable to the employer. The redetermination canceled plaintiff's credit weeks with Lear Siegler and ordered him to repay to the Michigan employment security commission the benefits he had received.

The issue involved is whether plaintiff, having been disqualified under the provisions of CLS 1961,

---

[1] See, currently as amended by PA 1963, No 226 and PA 1965, No 281 (Stat Ann 1963 Cum Supp and Stat Ann 1965 Cum Supp § 17.531).—REPORTER.

§ 421.29, *supra,* was entitled to reinstatement or use of any part of the "credit weeks" he had acquired while working for Lear Siegler, Inc., which were canceled as an incident of his disqualification.

Plaintiff had, throughout the proceedings in this cause, contended that he should not have been disqualified under the provisions of CLS 1961, § 421.29, *supra,* by virtue of a proviso contained therein which reads in part as follows:

"Provided further, however, That if an individual leaves his work voluntarily without good cause attributable to the employer for the purpose of accepting permanent full-time work with another employer, and if, during the 39 weeks following his separation he is laid off for lack of work by his new employer, enough of his credit weeks with his separating employer whom he left voluntarily shall be reinstated so that the total number of weeks of benefits available to him from all employers at the time of such lay off will not be less than if he had been laid off by the said separating employer."

There appears to be no question that if the Douglas Aircraft Company had been an employer within this State under the act, that the plaintiff would have been entitled to benefits under the *proviso* above of CLS 1961, § 421.29, *supra.*

Thus, this cause turns on the meaning of the word "employer" as used in the portion of the proviso that states: "for the purpose of accepting permanent full-time work with another employer."

The Michigan employment security act provides under CL 1948, § 421.39 (Stat Ann 1960 Rev § 17.541), as follows:

"As used in this act, unless the context clearly requires otherwise, the terms defined in this act shall be construed to have the meaning as prescribed and set forth in the several definitions."

CLS 1961, § 421.40 (Stat Ann 1955 Rev § 17.542) defines "employing unit" in its relevant part as follows:

" 'Employing unit' means any  *  *  *  corporation whether domestic or foreign,  *  *  *  which has or subsequent to this amendatory act, had in its employ 1 or more individuals performing services for it within this state."

CLS 1961, § 421.41 (Stat Ann 1960 Rev § 17.543)[2] defines "employer" in its relevant part as follows:

" 'Employer' means: (1)  *  *  *  (b)  Any employing unit which in each of 20 different weeks within the calendar year 1956 or within any succeeding calendar year  *  *  *  has or had in employment 4 or more individuals."

This Court finds that the decision of the trial court must be affirmed as the record on appeal discloses no evidence that the Douglas Aircraft Company fell within the definition of "employer" under CLS 1961, § 421.41, *supra.*

The plaintiff calls upon this Court to construe the term "employer" as found in CLS 1961, § 421.29, *supra,* to include an out-of-State employer as well as an in-State employer citing *Rookledge* v. *Garwood* (1954), 340 Mich 444, and *Godsol* v. *Unemployment Compensation Commission* (1942), 302 Mich 652, as a basis for liberal construction. The cases cited have no application herein. We are bound by the provisions of section 39 of the act quoted above since the context in which the word "employer" is used does not clearly require us to do otherwise.

CLS 1961, § 421.29, *supra,* with regard to the meaning of the word "employer" as used in connection with the disqualification portion of this section,

---

[2] This section of the act was amended by PA 1965, No 281, but that does not affect our determination in this case.

has been interpreted by the Supreme Court in *Lyons*
v. *Employment Security Commission* (1961), 363
Mich 201, to cover an out-of-State employer. In
*Lyons* the claimant had been laid off by a Detroit
employer, had found re-employment with an In-
dianapolis employer and had quit the latter job when
commuting back and forth between the two cities be-
came impractical or other personal difficulties beset
him.

Reading the disqualification portion of CLS 1961,
§ 421.29, *supra,* in the light of the purpose of the act,
one is compelled to conclude necessarily that to carry
out the purpose of the act the word "employer" in-
cludes employers as defined by CLS 1961, §§ 421.40,
421.41, as well as out-of-State employers and non-
subject employers within the State. However, in
reading the reinstatement provision of this same sec-
tion, it cannot be said that the context clearly re-
quires that a definition of the word "employer" other
than that provided by CLS 1961, §§ 421.40, 421.41,
can be applied.

Recognizing that it is of no avail to the plaintiff,
we quote with approval from the opinion of the
learned trial judge the following closing comment:

"There is no question that the present definitions
as found in the act tend to penalize an ambitious
worker like Merren, but it should be noted that to
grant Merren's claim is to penalize Lear Siegler, who
would then pay Merren from its account without any
contribution from another 'employer.' A solution
equitable both to labor and management in situations
such as occurred here should be directed to the legis-
lature of this State."

Affirmed. No costs, a public question.

T. G. Kavanagh and Quinn, JJ., concurred.