ROBINSON v YOUNG MEN'S CHRISTIAN ASSOCIATION

Docket No. 60542. Submitted August 4, 1982, at Lansing.—Decided February 24, 1983.

George Robinson was employed at the Young Men's Christian Association in Bay City. He resigned the job and began similar employment in Indiana. A short time later he was terminated from the Indiana position. He returned to Michigan and applied for unemployment compensation. The Michigan Employment Security Commission, after a series of hearings and rehearings, ultimately determined that Robinson was disqualified from receiving benefits until he had served a 13-week requalification period because he had resigned the Bay City position to accept employment not covered by the Michigan Employment Security Act. Robinson appealed to the Bay Circuit Court, which reversed the MESC decision, John X. Theiler, J. The circuit court held that construing the applicable statute to deny eligibility for benefits to those who quit to accept out-of-state employment resulted in an infringement of the claimant's right to travel. The MESC appeals, alleging that MCL 421.29(5), which excepts certain employees from disqualification from benefits, does not apply where a claimant has left a position to accept employment which is not covered by the act and that the claimant herein is, therefore, required to serve the requalification period. *Held:*

1. The word "employer" in MCL 421.29(5) refers only to Michigan employers. The section does not apply to remove the disqualification for benefits of an employee who quits to accept noncovered, out-of-state employment. The trial court erred in holding otherwise.

2. Imposition of the 13-week requalification period does not impinge upon the claimant's right to travel, nor does it result in a denial of equal protection of the laws.

Reversed. The decision of the MESC is reinstated.

·REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.

[3] 76 Am Jur 2d, Unemployment Compensation § 6.

[4] 76 Am Jur 2d, Unemployment Compensation §§ 63, 75.

Unemployment compensation as affected by employee's or employer's removal from place of employment. 13 ALR3d 874.

1. UNEMPLOYMENT COMPENSATION — APPEAL — EMPLOYMENT SECU-
RITY COMMISSION.

    A reviewing court may reverse an order or decision of an Employ-
ment Security Commission board of review only if the order or
decision is contrary to law or is unsupported by competent,
material and substantial evidence on the record.

2. UNEMPLOYMENT COMPENSATION — APPEAL — MATTERS OF LAW.

    The questions presented in an appeal from a decision of an
Employment Security Commission board of review are to be
treated as matters of law where there is no dispute as to the
underlying facts relative to the issues raised.

3. UNEMPLOYMENT COMPENSATION — EMPLOYER.

    The word "employer" as used in the Michigan Employment
Security Act refers only to Michigan employers (MCL 421.40,
421.41; MSA 17.542, 17.543).

4. UNEMPLOYMENT COMPENSATION — OUT-OF-STATE EMPLOYER — RE-
QUALIFICATION REQUIREMENT.

    An employee who resigns to accept out-of-state employment and
who, upon termination of that employment, returns to Michi-
gan and applies for unemployment benefits is subject to a 13-
week waiting period before being requalified for benefits; this
requirement does not impinge upon the applicant's right to
interstate travel nor does it deny him equal protection of the
law (MCL 421.29[5]; MSA 17.531[5]).

*Miller, Cohen, Martens & Sugerman, P.C.* (by
*Bruce A. Miller* and *Renate Klass),* and *John
Fillion* and *Jordan Rossen,* for appellee.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *David A. Voges,*
Assistant Attorney General, for the Michigan Em-
ployment Security Commission.

Before: DANHOF, C.J., and J. H. GILLIS and M. R.
KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. This is an appeal from a
circuit court order reversing a Michigan Employ-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment Security Commission (MESC) board of review decision disallowing certain unemployment compensation benefits to appellee under the provisions of the Michigan Employment Security Act (MESA), MCL 421.1 *et seq.;* MSA 17.501 *et seq.* Appellant MESC appeals as of right.

The facts underlying this controversy are largely undisputed. Appellee George Robinson was employed for eight years at the Young Men's Christian Association (YMCA) in Bay City, Michigan. He resigned effective March 31, 1976, to accept permanent full-time employment at the YMCA in Muncie, Indiana. He commenced his employment at the Muncie YMCA on April 1, 1976, but was discharged on June 30, 1976, for unsatisfactory job performance.

Appellee returned to Michigan and applied for unemployment compensation. The MESC determined that, since appellee had resigned from the Bay City YMCA to accept employment not covered by the MESA, he was disqualified under § 29(1)(a) of the act until he had served the 13-week requalification period as prescribed by § 29(3). This holding was affirmed by the MESC in a redetermination decision on September 14, 1976. The redetermination was appealed to a MESC referee who held that § 29(5) removed the disqualification, thereby entitling appellee to benefits without the need of requalification. This decision was initially affirmed by the MESC board of review but, upon rehearing, the board of review reversed its earlier holding and determined appellee to be disqualified. This determination was, in turn, appealed to the Bay County Circuit Court which, in an oral opinion, reversed the board of review, holding that § 29(5) applied irrespective of the fact that the Indiana employment was not subject to the juris-

diction of the MESC. The circuit court appeared to base its decision on a finding that construing § 29(5) to be inapplicable to claimants who quit to accept out-of-state employment not covered by the MESA would result in an infringement of appellee's constitutional right to travel.

On appeal from a decision of the board of review, a reviewing court can reverse only if the order or decision is contrary to law or is unsupported by competent, material and substantial evidence on the record. *Chrysler Corp v Sellers,* 105 Mich App 715; 307 NW2d 708 (1981). Since there is no dispute as to the underlying facts relative to the issues raised in this appeal, the questions presented are to be treated as matters of law. *Laya v Cebar Construction Co,* 101 Mich App 26; 300 NW2d 439 (1980).

Our determination in this case necessitates interpretation of § 29 of the act, MCL 421.29(5); MSA 17.531(5) (the so-called quit-to-accept provision), which states:

"(5) If an individual leaves work to accept permanent full-time work with another employer, and performs services for that employer, or to accept a recall from a former employer, the disqualification provisions of subsection (1) shall not apply to that leaving; but the wages earned with the employer that the individual last left, including wages previously transferred under this provision to the last employer, shall, for the purpose of computing and charging benefits, be considered wages earned from the employer with whom the individual accepted work or recall, and benefits paid based upon those wages shall be charged to that employer. When issuing a determination covering that period of employment, the commission shall advise the chargeable employer of the name and address of the other employer, the period covered by the employment, and the extent of the benefits which may be charged to the account of the chargeable employer."

Appellant MESC asserts this provision is inapplicable to the facts of this case because appellee left to accept employment out of state which is not subject to the jurisdiction of the MESA and, therefore, the MESC is without power to "charge" the out-of-state employer for benefits paid. In that regard, appellant would have us construe the phrase "to accept permanent full-time work with another employer" to refer only to employment subject to the MESA. We agree.

In *Merren v Employment Security Comm,* 3 Mich App 383; 142 NW2d 493 (1966), a panel of this Court unanimously held that the word "employer" in the phrase in question referred only to *Michigan* employers. This interpretation was affirmed by an equally divided Supreme Court. *Merren v Employment Security Comm,* 380 Mich 240; 156 NW2d 524 (1968). Though the holding of an equally divided Supreme Court is of dubious precedential value, the doctrine of stare decisis and our reading of the MESA compels us to reach the same conclusion.

Section 39 of the act states:

"As used in this act, unless the context clearly requires otherwise, the terms defined in this act shall be construed to have the meaning as prescribed and set forth in the several definitions." MCL 421.39; MSA 17.541.

Sections 40 and 41, which define employing unit and employer, respectively, clearly state that the word "employer" means an entity having "in its employ 1 or more individuals performing services for it within this state". MCL 421.40; MSA 17.542. Clearly the term employer as used in the act does not include out-of-state employers. Finally we note that, had the Legislature disagreed with the

courts' construction of this section in *Merren,* it could have revised the language of § 40 in its 1971 and 1977 Amendments. This it did not do.

We also agree with appellant's assertion that the board of review's construction of § 29(5) does not impinge upon appellee's constitutional right to interstate travel. We find appellee's reliance on *Shapiro v Thompson,* 394 US 618; 89 S Ct 1322; 22 L Ed 2d 600 (1969), and *Memorial Hospital v Maricopa County,* 415 US 250; 94 S Ct 1076; 39 L Ed 2d 306 (1974), inapposite. Both cases involved unconstitutional infringement of the right of classes of residents to equal protection of the law based on durational residency requirements. No such impermissible distinctions are made here. For the same reason, we find without merit appellee's claim that this construction of the statute renders it unconstitutional as a denial of equal protection of the laws.

The decision of the circuit court is reversed and the holding of the MESC board of review on rehearing is reinstated. No costs, a public question.