MORRIS v CLAWSON TANK COMPANY, No. 108659. Reported *ante,* 256.

WEAVER, C.J. I would grant rehearing.

YOUNG, J. I would grant rehearing. I believe that the Court's opinion is inconsistent with the settled mitigation law of Michigan and the federal courts. While this Court accurately noted that the duty of mitigation obligates a claimant to avoid unemployment or *under*employment, 459 Mich 256, 264 (1998), it nonetheless held that such a claimant had no duty to seek employment of a "like nature" in order to satisfy the duty of mitigation. This Court's opinion conflates the principle that a claimant need not take an "unacceptable job" with the core mitigation duty to "use such means as are reasonable under the circumstances to avoid or minimize the damages." *Shiffer v Gibraltar School Dist Bd of Ed,* 393 Mich 190, 197 (1974).

There is no inconsistency between requiring a claimant reasonably to seek employment to minimize avoidable damages and requiring a claimant to seek employment "like" that which was discriminatorily refused. To the extent that the measure of damages remains the job from which a claimant was discriminatorily excluded, removing the obligation to seek like employment introduces an inappropriate asymmetry in the basic mitigation doctrine. Such a duty to seek like employment clearly serves the fundamental mitigation obligation reasonably to reduce *avoidable* damages. The duty to seek like employment does not as this Court's opinion suggests place an undue burden on a claimant who has been discriminatorily denied employment in the first instance. It is the *reasonableness* of that

effort that is at issue *if* the defendant chooses to contest mitigation, and the defendant bears the burden of demonstrating a failure of mitigation. *Riethmiller v Blue Cross & Blue Shield of Michigan,* 151 Mich App 188, 191 (1986).

Here, plaintiff obtained only *seasonal* employment and stipulated on the record that he did not actively seek full time employment thereafter. Thus, the issue was whether plaintiff had fulfilled his duty of mitigation by merely seeking and obtaining seasonal employment and abandoning efforts to obtain year-round employment similar to that from which he was wrongfully discharged by his employer. In contrast with this Court's opinion, I find nothing in the earlier reported employment discrimination cases of this state or the federal courts suggesting that a claimant may remain wilfully underemployed and satisfy the obligation to mitigate.

Thus, this Court's holding that plaintiff was not obligated to seek "like employment" is not only logically inconsistent with the general mitigation principle, but it actively subverts the primary mitigation duty reasonably to avoid damages. Moreover, as stated, I believe the Court's holding is at variance with the established case law of Michigan and the federal courts. See *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641, 663 (1985); *Riethmiller v Blue Cross & Blue Shield of Michigan, supra* at 191. See also *Ford Motor Co v EEOC,* 458 US 219, 231-232 (1982).