## *In re* FG

Docket No. 249039. Submitted November 2, 2004, at Lansing. Decided November 23, 2004, at 9:05 a.m.

FG petitioned the Washtenaw County Probate Court to open for her review a closed file relating to a waiver of parental consent to an abortion the petitioner had when she was a minor. The judicial bypass proceeding had been conducted pursuant to the Parental Rights Restoration Act, MCL 722.901 *et seq.*, and the file had been closed pursuant to MCR 5.783, now MCR 3.615. The probate court, Nancy C. Francis, J., denied the petition on the basis that the original court had to determine whether the petitioner could make an informed, mature decision, not whether she made a good decision in seeking an abortion, which was a basis the petitioner claimed for seeking review of the file. The circuit court, Melinda Morris, J., denied without prejudice the petitioner's appeal on the basis that the appeal should have been filed in the Court of Appeals. The Court of Appeals, HOEKSTRA, P.J., and MURPHY and SMOLENSKI, JJ., in an unpublished order, vacated the circuit court order and remanded the case to the circuit court for a determination on the merits (Docket No. 238267). The circuit court, again on appeal, affirmed the decision of the probate court. The Court of Appeals, BANDSTRA, P.J., and SAWYER and MARKEY, JJ., in an unpublished order, denied leave to appeal (Docket No. 242202). The Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 468 Mich 919 (2003).

The Court of Appeals *held*:

1. Pursuant to MCR 3.615, the petitioner's file may be reopened only upon demonstration of good cause to the probate court. "Good cause" means a legally sufficient and substantial reason.

2. In this case, the petitioner claimed that during the original petition hearing, she was suffering from and was being treated for mental illness and that she remembered little of the hearing. For that reason, she sought to have the file opened for her inspection to determine whether she voluntarily sought the waiver of parental consent, whether she voluntarily consented to an abortion, whether any of her rights were violated, and whether she has any

causes of action arising from the proceedings. The reasons for the proposed review constitute good cause. The circuit court erred in affirming the decision of the probate court to deny the opening of the file.

Reversed.

COOPER, J., dissenting, agreed with the majority that the trial court should have reviewed de novo the probate court denial of the petition to open the file and with the majority definition of "good cause" to open a closed file under MCR 3.615(B)(3), but disagreed that the reasons expressed by the petitioner constitute good cause for opening the file. Because the authority to make the decision to have an abortion was granted her and because she opted for an abortion some years ago, the reasons for review do not relate to any remedy the petitioner can hope to gain. The petitioner's proffered reasons for seeking to open her file are not legally sufficient or substantial. The decisions of the lower courts should be affirmed.

ABORTION AND BIRTH CONTROL — PARENTAL RIGHTS RESTORATION ACT — OPENING CLOSED CASE FILES — GOOD CAUSE.

Where one petitions for waiver of parental consent for the purpose of obtaining an abortion under the Parental Rights Restoration Act, the waiver is granted, and the file is closed subject to court rule, the good cause required to be shown to open the file requires a legally sufficient and substantial reason for opening the closed file (MCL 222.901 *et seq.*; MCR 3.615[B]).

*Thomas More Law Center* (by *Richard Thompson* and *Edward L. White III*) for the petitioner.

*Timothy E. McDaniel* for the respondent.

Before: COOPER, P.J., and FITZGERALD and HOEKSTRA, JJ.

FITZGERALD, J. Petitioner FG appeals by leave granted a circuit court order affirming the probate court's denial of her petition to review her closed file relating to judicial bypass proceedings in which she participated as a minor pursuant to the Parental Rights Restoration Act (PRRA), MCL 722.901 *et seq.* We reverse.

## I. FACTS AND PROCEDURAL HISTORY

In the fall of 1996, when petitioner was fifteen years old, she successfully petitioned the probate court for a waiver of parental consent to obtain an abortion under the PRRA and former MCR 5.783, now MCR 3.615.[1] As required by MCR 3.615(B), petitioner's file was sealed at the conclusion of the proceedings.[2] Subsequently, petitioner had the requested abortion.

In 2000, after petitioner reached the age of majority, she petitioned the probate court to open her file for her review pursuant to MCR 3.615(B)(3). Petitioner claimed that she was suffering from mental illness during the bypass proceedings and at the time of her abortion. She contends that, because of her illness and prescribed medication, she has only a vague memory of these events. On account of her alleged impaired recollection, petitioner wished to determine from the probate court file whether she knowingly sought the waiver of parental consent and consented to the abortion, and whether her rights had been violated during the proceedings giving rise to a cause of action.[3] The probate court denied petitioner's request, finding that she failed to establish "good cause" to open the file as required by the court rule. The court reasoned that because the probate court's role was to determine whether petitioner was mature enough and had sufficient knowledge and understanding to waive parental

[1] MCR 5.783 has since been replaced by MCR 3.615, which is identical in all respects.

[2] Petitioner is also referred to by her initials to preserve her confidentiality under this provision.

[3] Petitioner was given the opportunity to review her file with the agency that conducted her abortion, but was unable to glean any relevant information.

consent, MCL 722.904(3)(a), the record would not contain the sought-after information regarding the quality of petitioner's decisions.

Petitioner appealed to the circuit court.[4] Petitioner indicated to the circuit court that she wished to review her file to determine what information the probate court received from her social worker and attorney and considered regarding her history of mental illness and treatment in granting the waiver. The circuit court determined that the probate court had not abused its discretion in determining that petitioner failed to establish good cause to open her file. This appeal followed.[5]

## II. STANDARD OF REVIEW

Petitioner contends that the circuit court improperly reviewed the probate court's decision for an abuse of discretion. The probate court determined that petitioner failed to establish good cause to open her file pursuant to MCR 3.615(B)(3). As the decision involves the interpretation of a court rule, petitioner asserts that the circuit court should have reviewed the decision de novo. Whether the circuit court applied the correct standard of review is a question of law that we review de novo. *Arthur Land Co, LLC v Otsego Co*, 249 Mich App 650, 661-662; 645 NW2d 50 (2002); *Palo Group Foster*

---

[4] The circuit court originally found that it lacked jurisdiction over the appeal and directed the filing to this Court. However, a panel of this Court vacated that order and remanded for a determination on the merits. Unpublished order of the Court of Appeals, entered February 1, 2002 (Docket Number 238267).

[5] A panel of this Court initially denied petitioner's application for leave to appeal. Unpublished order, entered September 6, 2002 (Docket No. 242202). In lieu of granting leave to appeal, the Michigan Supreme Court remanded to this Court for consideration as on leave granted. 468 Mich 919 (2003).

*Care, Inc v Dep't of Social Services,* 228 Mich App 140, 145; 577 NW2d 200 (1998).[6]

MCR 3.615(B)(3) provides:

> The court shall maintain only one file of all papers for each case. The file shall be inspected only by the judge, specifically authorized court personnel, the minor, her attorney, her next friend, the guardian ad litem, and any other person authorized by the minor. After the proceedings are completed, the file may be opened only by order of the court for good cause shown and only for a purpose specified in the order of the court.

The probate court determined that petitioner had not shown good cause to open her file. However, the term "good cause" is not defined by the court rule. The interpretation of a court rule, like a question of statutory construction, is subject to review de novo on appeal. *St George Greek Orthodox Church of Southgate v Laupmanis Assoc, PC,* 204 Mich App 278, 282; 514 NW2d 516 (1994). The construction of the term "good cause" is also a question of law subject to review de novo. See generally *Daniels v Allen Industries, Inc,* 391 Mich 398; 216 NW2d 762 (1974), superseded by statute in *Davis v O'Brien,* 152 Mich App 495; 393 NW2d 914 (1986). See also *Richards v McNamee,* 240 Mich App 444, 447, 451-453; 613 NW2d 366 (2000). Furthermore, it is well settled that when there is no dispute concerning the underlying facts, the questions presented on appeal are to be treated as questions of law. *Capac Bus Drivers Ass'n v Capac Community Schools Bd of Ed,* 140 Mich App 542, 547; 364 NW2d 739 (1985); *Robinson v Young Men's Christian Ass'n,* 123 Mich App 442, 445;

---

[6] Many of the appellate rules, MCR 7.101 *et seq.,* apply equally to the circuit court when taking an appeal from the probate court. MCR 7.101(A)(1). Accordingly, we find no reason to distinguish between the circuit court's appellate role and that of this Court.

333 NW2d 306 (1983). The only issue before the probate court was whether the facts presented, which were not in dispute, were legally sufficient to constitute "good cause" pursuant to the court rule. Accordingly, the circuit court erred in failing to review the probate court's decision de novo.[7]

### III. GOOD CAUSE

Petitioner challenges the circuit court's affirmation of the probate court's finding that she failed to establish good cause to open her file pursuant to MCR 3.615(B)(3). First, we must determine the definition of "good cause" as used in the court rule. We must give effect to a statute or court rule as written when its language is clear and unambiguous. *People v Morey,* 461 Mich 325, 329-330; 603 NW2d 250 (1999). In construing ambiguous language, every word or phrase, unless specifically defined, should be given its plain and ordinary meaning, considering the context in which the words are used. *Yaldo v North Pointe Ins Co,* 457 Mich 341, 346; 578 NW2d 274 (1998); *Lewis v LeGrow,* 258 Mich App 175, 183; 670 NW2d 675 (2003). The court may consult a dictionary to determine the ordinary meaning of undefined words in a statute or court rule. *Lewis, supra* at 183; *In re Complaint of Knox,* 255 Mich App 454, 460; 660 NW2d 777 (2003); *St George Greek*

---

[7] The circuit court relied on *In re Dixon,* 116 Mich App 763; 323 NW2d 549 (1982), remanded by 417 Mich 986 (1983), in support of its application of the abuse of discretion standard. In *Dixon,* this Court upheld a probate court determination that the petitioner had not shown good cause to open adoption records. Although the standard applied was not referenced by name, this Court first reviewed de novo the probate court's interpretation of the applicable statute, finding that the good cause determination required a balancing of the respective interests. 116 Mich App 768. This Court then afforded the probate court's balancing of those interests the more deferential abuse of discretion standard. *Id.* at 771.

*Orthodox Church, supra* at 282. Also, "[t]he court must consider the object of the statute [or court rule], the harm it is designed to remedy, and apply a reasonable construction [that] best accomplishes the statute's [or rule's] purpose, but should also always use common sense." *Morris & Doherty, PC v Lockwood*, 259 Mich App 38, 44; 672 NW2d 884 (2003). Courts should seek to avoid a construction that would produce absurd results, injustice, or prejudice to the public interest and should strive to be logical and best accomplish the statute's or rule's purpose. *Id.*

As the court rule fails to define "good cause," we turn to the dictionary and case law for assistance. Black's Law Dictionary (7th ed) defines "good cause" as "[a] legally sufficient reason." Similarly, this Court has defined "good cause" as "a substantial reason amounting in law to a legal excuse for failing to perform an act required by law." *Richards, supra* at 452, citing *Franchise Mgt Unlimited, Inc v America's Favorite Chicken*, 221 Mich App 239, 246; 561 NW2d 123 (1997), quoting Black's Law Dictionary (6th ed) (*Franchise Mgt* was vacated on other grounds 459 Mich 954 [1999]). Following these definitions, petitioner must show a legally sufficient or substantial reason for opening her file consistent with the purpose of MCR 3.615(B).

The purpose of MCR 3.615(B) is to protect the confidentiality of a minor seeking to obtain a waiver of parental consent for an abortion. See MCR 3.615(B)(1) ("The court shall assure the confidentiality of the file, the assistance given the minor by court personnel, and the proceedings"). The rule protects the file and the minor's identifying information from disclosure to persons other than the judge and specifically authorized court personnel, as well as the minor herself and those acting with her authorization. The rule further pro-

vides that the file shall be closed at the conclusion of the proceedings and may only be opened by order of the court upon a showing of good cause. MCR 3.615(B)(3).

Petitioner sought to reopen her file to determine whether she voluntarily sought the waiver of parental consent, whether she voluntarily consented to an abortion, whether any of her rights were violated, and whether she has any causes of action arising from the proceedings. She explained that she was under medical treatment for psychiatric disturbances and mental illness, for which she was receiving treatment (including medication) at the time of the proceedings. Petitioner indicates that, as a result of the treatment, she has only a vague recollection of the waiver proceedings. Respondent does not challenge the factual allegations made by petitioner that "she was under medical treatment" and that she "only has a vague recollection" of the waiver proceedings. Petitioner asserts that her mental illness and resulting treatment were information that should have been provided to and considered by the probate court during the waiver proceedings and she seeks to determine what information she, her former attorney, and her former social worker gave the court regarding her mental conditions. Petitioner's reasons for seeking to review her file are legally sufficient to constitute good cause under MCR 3.615(B)(3), and her confidentiality will not be compromised as a result of allowing her to review the file.[8]

---

[8] The circuit court relied on *Dixon* in affirming the probate court's decision. However, *Dixon* does not provide an appropriate analytical framework for this case. There, this Court provided that the determination whether good cause had been shown to open adoption files required a balancing test between the competing interests of the adoptee, the biological parents, and the state. *Dixon, supra* at 768. In the instant matter, there are no competing interests to balance. Rather, the state's only interest, as expressed in MCR 3.615(B)(3) is in protecting the

Reversed.

HOEKSTRA, J., concurred.

COOPER, P.J. (*dissenting*). I must dissent from the majority opinion of my colleagues as I would affirm the circuit court's order upholding the probate court's denial of petitioner's request to review her closed file relating to judicial bypass proceedings in which she participated as a minor pursuant to the Parental Rights Restoration Act (PRRA).[1]

I agree with the majority's determination that the trial court should have reviewed the probate court's determination de novo. I also agree with the majority's definition of "good cause" to open a closed file pursuant to MCR 3.615(B)(3). However, I do not agree that petitioner actually made the required showing of good cause to open the probate court file.

Petitioner erroneously argues that the *sole* purpose of MCR 3.615(B) is to protect the confidentiality of a minor seeking to obtain a waiver of parental consent for an abortion. According to her argument, the state can have no interest beyond protecting this confidentiality, and petitioners seeking to open their records should always be granted that right.

I do not agree that the sole purpose of the court rule is to protect the minor's confidentiality or that a court should apply a more permissive standard when determining if a person has shown good cause to open her own file. The state has expressed its interest in limiting

---

confidentiality of the minor and the proceedings. The minor's interest also is in having her confidentiality preserved. Thus, the interests of petitioner and of the state are essentially the same. Therefore, *Dixon* is inapposite.

[1] MCL 722.901 *et seq.*

access to court records involving juveniles in other circumstances without such restriction. For instance, adoption records are sealed and may only be opened and information released if the biological parent enters his or her consent on the record.[2] Even though the sole purpose of that statute would appear to be the protection of the anonymity of biological parents, the state has stated its interest in " 'fostering an orderly and supervised system of adoptions . . . closely tied to [the] interests of the parties involved.' "[3]

In relation to juvenile delinquency adjudications, if a juvenile is diverted into a private counseling or intervention agency pursuant to the Juvenile Diversion Act,[4] the record is sealed and "shall be open only by order of the court to persons having a legitimate interest"[5] or to "a law enforcement agency or court intake worker for only [sic] the purpose of deciding whether to divert a minor."[6] Although records in juvenile delinquency adjudications are open to the public,[7] even those records contain confidential files accessible only to those with a legitimate interest.[8] These actions protect the confidentiality of minors and prevent the handicap that such a stigma carries;[9] however, these actions affect more than the individual. They also enhance the public good by promoting rehabilitation and the reintegration of

[2] MCL 710.27a.

[3] *In re Dixon*, 116 Mich App 763, 769; 323 NW2d 549 (1982), quoting *In re Linda F M v Dep't of Health of New York*, 52 NY2d 236, 239; 437 NYS2d 283; 418 NE2d 1302 (1981) (some alteration in *Dixon*).

[4] MCL 722.821 *et seq.*

[5] MCL 722.828(1).

[6] MCL 722.828(2).

[7] MCR 3.925(D)(1).

[8] MCR 3.925(D)(2).

[9] *People v Smith*, 437 Mich 293, 301; 470 NW2d 70 (1991).

former juvenile delinquents into society.[10] It is clear that the state has many reasons for maintaining the confidentiality in proceedings involving juveniles beyond protecting the juvenile's right to privacy.

Furthermore, the Legislature could and has specifically indicated whether a closed or nonpublic record is to be made available to the juvenile without a showing of cause. When a juvenile who has reached the age of majority successfully petitions the court to set aside a juvenile adjudication, a copy of the nonpublic record is automatically given to the petitioner.[11] If the Legislature intended to allow a person unlimited access to her records from a judicial bypass proceeding, the Legislature would have included this information in the PRRA.[12]

Accordingly, I would find that petitioner, like any other interested party, must show a legally sufficient or substantial reason to open her file. Petitioner seeks to open her file to determine whether she voluntarily sought the waiver of parental consent, whether she voluntarily consented to an abortion, whether any of her rights were violated, and whether she had any causes of action arising from the proceedings. However, regret and twenty-twenty hindsight do not amount to good cause to open a closed file under the PRRA. The requested abortion was performed several years ago and there is no remedy petitioner can hope to gain. Therefore, I would find that petitioner's proffered reasons for seeking to open her file are not legally sufficient or substantial and the probate and circuit courts properly denied her request.

---

[10] See *id.* at 303-304.

[11] MCL 712A.18e(14).

[12] See *AFSCME v Detroit*, 468 Mich 388, 400; 662 NW2d 695 (2003) (the courts must derive the Legislature's intent from the language of the statute and not from missing language).