*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* G. H. STOUT, Minor.

UNPUBLISHED
November 5, 2020

No. 353674
Mecosta Circuit Court
Family Division
LC No. 20-006613-NA

Before: SAWYER, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor child under MCL 712A.19b(3)(d) and MCL 712A.19b(3)(f). Because there are no errors warranting reversal, we affirm.[1]

## I. BASIC FACTS

Petitioners are the respondent's aunt and uncle. In 2015, respondent was unable to take care of the child due to mental instability, so petitioners agreed to become the child's guardians under a court-approved limited guardianship plan. The guardianship plan provided that it would remain in place until the child graduated from high school. It also expressly stated that respondent was *not* responsible to provide financial support. Instead, the guardianship plan only required respondent to "participate in and arrange positive outings" with the child once a month in order to maintain their parent-child relationship.

In January 2020, petitioners filed a petition requesting termination of respondent's parental rights. A combined adjudication trial and termination hearing was held in May 2020. At the trial, petitioners presented testimony showing that between 2015 and 2017 respondent only had sporadic contact with the child. In 2017, she failed to arrange positive outings on a monthly basis. In 2018, respondent only saw the child three times, and her last contact with him was in December 2018.

---

[1] The child's father was under a guardianship throughout these proceedings. His guardian provided authorization and consent to the child being adopted by petitioners upon termination of respondent's parental rights. He is not a party to this appeal.

-1-

Petitioners also testified that respondent never provided financial support or a safe and stable living arrangement for the child, and she was not involved with his medical, educational, or other needs. Based upon the evidence presented, the trial court found statutory grounds to take jurisdiction over the child under MCL 712A.2(b)(4) and (6). The court also found statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(d) and (f), and it found that termination of respondent's parental rights was in the child's best interests.

## II. JURISDICTION

### A. STANDARD OF REVIEW

Respondent first argues that the trial court erred by finding that there were statutory grounds to take jurisdiction over the child. This Court reviews challenges to the court's exercise of jurisdiction for clear error. *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* at 296-297.

### B. ANALYSIS

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). In order to properly exercise jurisdiction, the trial court must find by a preponderance of the evidence that a statutory basis for jurisdiction exists. *BZ*, 264 Mich App at 295. Under MCL 712A.2(b)(4), the trial court may take jurisdiction over a child if the child's parent "has substantially failed, without good cause, to comply with a limited guardianship placement plan described in section 5205 of the estates and protected individuals code, 1998 PA 386, MCL 700.5205, regarding the juvenile."

Respondent argues that the trial court clearly erred by finding a statutory basis for jurisdiction under MCL 712A.2(b)(4) because the most important part of the guardianship plan was to provide the child with a stable home environment and "put the least responsibility on" respondent.[2] She then suggests that because the child had a stable home environment, there was substantial compliance with the plan. However, MCL 712A.2(b)(4) does not require the court to find that the overall goal of the plan was not substantially satisfied. Rather, the statute directs the court to consider a parent's compliance with the plan and ascertain whether the parent "substantially failed, without good cause" to comply with the plan. MCL 712A.2(b)(4). Stated differently, the statute directs the court to examine the parent's compliance with his or her obligations under the plan.

The court found that "the most important part" of the guardianship plan was respondent's obligation to "participate in and arrange positive outings" with the child every month in order to

---

[2] Respondent also asserts that jurisdiction was improperly taken because there was no evidence that the child was neglected. However, nothing in MCL 712A.2(b)(4) requires a finding that the child is being neglected before the court may take jurisdiction. Thus, her argument as to whether there was or was not neglect is irrelevant.

maintain the parent-child relationship. That obligation was the only action required of respondent under the plan. Given that respondent only had one obligation, it is axiomatic that it was the most important requirement imposed upon her by the guardianship plan. The trial court's finding, therefore, is not clearly erroneous. Nor is the court's finding that respondent substantially failed to comply with the single requirement imposed. Over a four-year period, respondent visited the child only 13 times. Her last visit was in December 2018. She did not visit the child at all in 2019 or in 2020. Respondent did not dispute that she had failed to maintain monthly contact with the child. Given these uncontradicted facts, we discern no clear error in the court's finding that respondent substantially failed to comply with the limited guardianship plan.

We also discern no merit to respondent's argument that she had good cause for her failure to comply with the plan. "Good cause" means a " 'legally sufficient reason' and 'a substantial reason amounting in law to a legal excuse for failing to perform an act required by law.' " *In re Utrera*, 281 Mich App 1, 22; 761 NW2d 253 (2008), quoting *In re FG,* 264 Mich App 413, 419; 691 NW2d 465 (2004). Respondent argues that petitioners stopped answering her calls and unreasonably demanded that she provide her own transportation to neutral locations. She also argues that she was unable to schedule visits because of "a rough 2019" in which she lost her best friend, lost her grandmother, and was pregnant. However, at trial, the testimony revealed that respondent did not request visits or even try to communicate with petitioners or the child for the majority of 2019. During that year, however, respondent was able to visit her sick friend and make frequent visits to help care for an ailing grandmother. Respondent's testimony also suggests that she may have been able to arrange transportation for work and other occasions. Meanwhile, she admitted that she never contacted petitioners to ask for visits or assistance with transportation, or at minimum, to maintain contact with the child during 2019. Overall, respondent's lack of contact with the child is based on excuses, lack of interest and effort, and her own choice of priorities. These are not legally sufficient reasons to establish good cause. Moreover, the trial court did not find credible respondent's testimony that petitioners were partially to blame for the lack of contact. That credibility finding is given deference. See *BZ,* 264 Mich App at 296-297.

The trial court did not err by finding that a statutory basis for jurisdiction under MCL 712A.2(b)(4) was proven by a preponderance of the evidence.[3]

---

[3] The trial court did err by finding an alternative basis to take jurisdiction over the child was present under MCL 712A.2(b)(6). A court may take jurisdiction over a child under that section under the following circumstances:

> (6) If the juvenile has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and the juvenile's parent meets both of the following criteria:
>
> (A) The parent, having the ability to support or assist in supporting the juvenile, has failed or neglected, *without good cause,* to provide regular and substantial support for the juvenile for 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for 2 years or more before the filing of the petition. As used in this

## III. STATUTORY GROUNDS

## A. STANDARD OF REVIEW

Respondent next argues that the trial court erred by finding statutory grounds to terminate her parental rights. "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014).

## B. ANALYSIS

The trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(d) and (f). Termination is proper under MCL 712A.19b(3)(d) if "[t]he child's parent has placed the child in a limited guardianship under section 5205 of the estates and protected individuals code, 1998 PA 386, MCL 700.5205, and has substantially failed, without good cause, to comply with a limited guardianship placement plan described in section 5205 of the estates and protected individuals code, 1998 PA 386, MCL 700.5205, regarding the child to the extent that the noncompliance has resulted in a disruption of the parent-child relationship." Stated differently, the court must find (1) the child was placed in a limited guardianship, (2) the parent "substantially failed, without good cause," to comply with the guardianship plan, and (3) the parent's noncompliance disrupted the parent-child relationship.

Here, it is undisputed that the child was placed in a limited guardianship plan, so the first requirement is met. The second requirement, which mirrors the language used in MCL 712A.2(b)(4), is also satisfied in this case. As discussed above, the guardianship plan required respondent to arrange positive-monthly outings with the child, but she did not do so. Instead, over

---

sub-subdivision, "neglect" means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602.

(B) The parent, having the ability to visit, contact, or communicate with the juvenile, has regularly and substantially failed or neglected, without good cause, to do so for 2 years or more before the filing of the petition. As used in this sub-subdivision, "neglect" means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602. [Emphasis added.]

In this case, the guardianship plan expressly did not require respondent to provide support or assistance in supporting the child. The fact that respondent was not required to provide support constitutes good cause, i.e. a legally sufficient and substantial reason, for why she failed or neglected to do so. Therefore, notwithstanding that respondent may have had the resources to provide for the regular and substantial support to the child, given that she had good cause for that failure, jurisdiction could not be obtained under MCL 712A.2(b)(6). Reversal, however, is unwarranted on this basis because the trial court properly assumed jurisdiction under MCL 712A.2(b)(4), and only one basis for jurisdiction need be established. See *In re SLH,* 277 Mich App 662, 669; 747 NW2d 547 (2008).

-4-

a four-year period, she only visited the child 13 times, with none of those visits occurring in 2019 or 2020. Although respondent offered a variety of excuses for her failure to comply with her sole obligation under the plan, as explained previously, none of those excuses amounted to a legally sufficient or substantial reason permitting her to not do the one thing required of her. The trial court, therefore, did not clearly err by finding by clear and convincing evidence that respondent had "substantially failed, without good cause, to comply with a limited guardianship placement plan . . . ."

Additionally, the trial court did not err by finding that respondent's substantial noncompliance disrupted the parent-child relationship. Respondent argues that the relationship could not be disrupted by her failure to arrange positive-monthly outings with the child because even before the guardianship plan was put in place she did not have a parent-child relationship with her son. The record belies her claim. Respondent and the child lived next door to petitioners during the child's first year of life. Thus, the child, who was living with respondent at the time, had daily or nearly daily contact with respondent. Additionally, respondent acknowledged that her relationship with the child had deteriorated over time, noting that he seemed "destranged [sic]" from her. Thus, the sporadic and dwindling contact between respondent and the child was sufficient to cause a deteriorating bond. In whole, the testimony at trial established that any bond respondent had with the child at the beginning of the guardianship was disrupted by respondent's absence from his life. Accordingly, the trial court did not clearly err by concluding that termination of respondent's parental rights was appropriate under MCL 712A.19b(3)(d).[4]

---

[4] The trial court also found termination was proper under MCL 712A.19b(f), which provides:

(f) The child has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and both of the following have occurred:

(i) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.

(ii) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

In doing so, the trial court clearly erred. Again, the guardianship plan expressly stated that respondent was not obligated to provide support or assistance to the child. And, as petitioners acknowledged during their testimony, they never sought such assistance. As a result, we discern no factual basis for the court's finding that respondent's failure to provide support to the child was without good cause. Nevertheless, because only one statutory basis for termination need be established, reversal is not warranted on this basis. See *In re HRC*, 286 Mich App 444. 461; 781 NW2d 105 (2009).

## IV. BEST INTERESTS

### A. STANDARD OF REVIEW

Respondent lastly contends that the trial court clearly erred by finding that termination of her parental rights was in the child's best interests. This Court reviews the trial court's determination of best interests for clear error. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

### B. ANALYSIS

"The trial court should weigh all the evidence available to determine the child's best interests." *White*, 303 Mich App at 713. The trial court may consider such factors as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home . . . ." *Olive/Metts*, 297 Mich App at 41-42 (citations omitted). Other factors that the trial court may consider include the parent's visitation history with the child, the child's well-being while in care, and the possibility of adoption. *White*, 303 Mich App at 714. The trial court may also consider how long the child lived with relatives, as well as the likelihood that "the child could be returned to [the] parent's home within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012).

On appeal, respondent concedes that factors such as her bond with the child, her ability to parent, and the advantages of the guardians' home each weighed against her. We agree. The record shows that the child thrived while in petitioners' care and that petitioners desired to adopt him. The trial court reasonably concluded that petitioners' home was the only home that the child had ever known. All of his needs were being met and he was even involved with extracurricular activities. Further, the child was also bonded to and had developed a parent-child relationship with each petitioner. In contrast, respondent's life was unstable, and she did not prioritize time with the child. Respondent's own testimony reflected that their bond had diminished over the course of the guardianship. As noted above, respondent gave explanations for her increasing absence from the child's life. She insisted that she could not spare time for him because she was busy with work, visiting an ill friend, caring for her grandmother. Further, respondent conceded that her mental-health issues that precipitated the guardianship do not appear to be stabilizing.

Nonetheless, respondent suggests that the trial court erred by finding that termination of her parental rights was in the child's best interests because the child was placed with relatives. "A child's placement with relatives is a factor that the trial court is required to consider" when making its best-interests determination, *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015), and "a child's placement with relatives weighs against termination," *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). However, the court considered that placement and found that termination was nevertheless in the child's best interests. In doing so, the court considered that the child would be separated from respondent's new baby.

Respondent further argues that it was clear error for the court to determine that alternatives to termination were not appropriate. However, the record suggests that the court determined that respondent had already failed to comply with the limited guardianship placement plan.

Respondent has not suggested that any other alternatives would have rendered a more favorable outcome. Moreover, it's clear that the trial court considered the permanence of adoption by petitioners to be in the child's best interests. In sum, the trial court did not clearly err by determining, after carefully weighing all relevant factors, that the factors weighed in favor of terminating respondent's parental rights.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Brock A. Swartzle