STATE OF MICHIGAN
COURT OF APPEALS

NANCY SANDERS,

        Plaintiff-Appellee,

v

MCLAREN-MACOMB and MOUNT CLEMENS
REGIONAL MEDICAL CENTER,

        Defendants,

and

RICHARD S. VEYNA, M.D., and MICHIGAN
HEAD AND SPINE INSTITUTE, also known as
UNIVERSITY NEUROSURGICAL
ASSOCIATES, PC, and UNIVERSITY
NEUROSURGICAL ASSOCIATES, PC,

        Defendants-Appellants.

FOR PUBLICATION
February 27, 2018
9:15 a.m.

No. 336409
Macomb Circuit Court
LC No. 2015-004372-NH

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

BORRELLO, J.

        In this interlocutory appeal in a medical malpractice action, defendants, Richard S. Veyna, M.D., Michigan Head and Spine Institute (MHSI), and University Neurosurgical Associates, PC (UNA),[1] appeal by leave granted[2] the trial court's order granting plaintiff's motion for reconsideration and denying defendants' motion for summary disposition. The trial court denied defendants' motion for summary disposition on the ground that defendants failed to

---

[1] Because Dr. Veyna, MHSI, and UNA are the only defendants who are parties to this appeal, our use of the word defendants refers only to these parties unless otherwise indicated.

[2] *Sanders v McLaren-Macomb*, unpublished order of the Court of Appeals, entered March 3, 2017 (Docket No. 336409).

comply with MCR 2.112(L)(2)(a) in challenging plaintiff's notice of intent to file a claim (NOI). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Plaintiff's medical malpractice claim stems from the treatment that she received at McLaren-Macomb Hospital[3] in July 2013, related to a fall that had occurred at her home. Plaintiff was admitted to McLaren-Macomb Hospital on approximately July 2, 2013, where she was treated by neurosurgeon, Dr. Veyna, who was employed by MHSI.[4] Plaintiff alleged that defendants were negligent in treating her condition, principally by failing to timely order and perform an MRI of her brain and cervical spine on July 4, 2013, and July 5, 2013. As a result of the delay in ordering or performing a brain MRI, plaintiff alleges there was a delay in the diagnosis and treatment of her spinal condition, causing prolonged compression of the spine. Plaintiff further alleged that the surgical procedure that was performed on July 13, 2013,[5] did not provide any benefit and that defendants'[6] negligence in failing to appropriately and timely diagnose her cervical spine pathology and relieve the pressure on her spinal cord caused her permanent quadriparesis.

On June 30, 2015, plaintiff, as required pursuant to MCL 600.2912b, mailed her NOI to, among others, defendants Dr. Veyna and MHSI. Plaintiff sent her NOI to Dr. Veyna by United States mail to the following addresses:

Richard S. Veyna, M.D.

c/o Michigan Head and Spine Institute

1030 Harrington Blvd., Suite 100

Mt. Clemens, MI 48043

Richard S. Veyna, M.D.

c/o McLaren Macomb

1000 Harrington Blvd.

---

[3] McLaren-Macomb is an assumed name of Mount Clemens Regional Medical Center.

[4] Michigan Head and Spine Institute is an assumed name of University Neurosurgical Associates, PC.

[5] Both the trial court and defendants on appeal indicated that the surgery occurred on July 11, 2013. However, the NOI indicates that the surgery occurred on July 13, 2013. Because the only issue on appeal is whether defendants complied with the procedural requirements in MCR 2.112(L)(2)(a) for challenging plaintiff's filing of the NOI, the date on which the surgery actually occurred is not pertinent to our analysis.

[6] This allegation in plaintiff's complaint pertained to all defendants, including those who are not parties to this appeal.

Mt. Clemens, MI  48043

Plaintiff sent her NOI to MHSI by United States Mail to the following addresses:

Michigan Head and Spine Institute
1030 Harrington Blvd., Suite 100
Mt. Clemens, MI  48043

Michigan Head and Spine Institute, PLLC
Resident Agent: Harold D. Portnoy
44555 Woodward Avenue, Suite 506
Pontiac, MI  48341

MHSI, P.L.L.C.
Resident Agent:  Harold D. Portnoy
44555 Woodward Avenue, Suite 506
Pontiac, MI  48341

The two NOIs that were sent to the 44555 Woodward address were returned as undeliverable, but none of the other NOIs were returned.

On December 9, 2015, plaintiff filed her complaint against defendants alleging medical malpractice.  Subsequently, on December 16, 2015, defendants' attorney, Scott Saurbier, contacted plaintiff's attorney, Matthew Turner, and requested a copy of the NOI that was sent, indicating that defendants had not received a copy.  On December 28, 2015, Turner forwarded a copy of the NOI to Saurbier.  Dr. Veyna averred that he never saw or received an NOI involving plaintiff until after being served with the complaint, that he was not an employee of McLaren-Macomb, and that neither MHSI nor McLaren-Macomb had ever indicated that an NOI had been delivered on his behalf.  Additionally, Karin Green, the Office Administrator who receives all NOIs delivered to MHSI offices, averred that MHSI never received an NOI pertaining to plaintiff.

MHSI and UNA filed an answer on January 15, 2016, and Dr. Veyna filed an answer on February 9, 2016, in which defendants generally denied the allegations of negligence.  Both answers raised as an affirmative defense that "[t]he claims are barred for failing to comply with MCL 600.2912b by not properly filing and providing sufficient Notice of Intent."

On March 4, 2016, after filing their answers, defendants Dr. Veyna and MHSI collectively moved for summary disposition pursuant to MCR 2.116(C)(8), arguing that plaintiff failed to give defendants the requisite notice in the manner prescribed under MCL 600.2912b(2) because plaintiff did not mail the NOIs to defendants' last known professional business addresses.  Defendants argued that plaintiff mailed the NOIs to prior or nonexistent addresses, even though their correct addresses were reasonably ascertainable, and as a result, defendants did

not receive the notice required under MCL 600.2912b to commence a medical malpractice action. Defendants contended that defendants' last known addresses could be determined by a Google search or, with respect to MHSI, by consulting the Michigan Department of Licensing and Regulatory Affairs website.

In opposition to defendants' motion for summary disposition, plaintiff presented two arguments. First, plaintiff argued that defendants' motion was untimely under MCR 2.112(L)(2)(a), which strictly prescribes the time for challenging an NOI, and thus defendants' motion must be dismissed. Plaintiff asserted that, under MCR 2.112(L)(2)(a), defendants were required to bring their challenge to the NOI by motion when they filed their answers but defendants failed to do so. Plaintiffs further maintained that there was not "good cause" as required by MCR 2.112(L)(2) that would permit the trial court to allow a later challenge to the NOI because defendants were aware of the addresses to which the NOIs were sent before they filed their answers. Second, plaintiff argued that she complied with the service requirements of MCL 600.2912b(2). Plaintiff mailed the NOIs to defendants' last known professional business addresses as reasonably ascertained from McLaren-Macomb Hospital's website, Google searches, and the Michigan Department of Licensing and Regulatory Affairs website. Plaintiff also mailed an NOI to McLaren-Macomb Hospital, the only place where defendants rendered medical services to plaintiff. Plaintiff further argued that there was nothing to indicate that any one of the other business addresses for Dr. Veyna was his sole business address for receiving professional correspondence.

Defendants argued in reply that MCR 2.112(L)(2)(a) was inapplicable to their motion because defendants were not challenging the contents of the NOI but instead were only challenging the lack of service of the NOI and plaintiff's failure to comply with the requirements of MCL 600.2912b(1). Defendants further argued that they had preserved their challenge by including it in their affirmative defenses filed with their answers, which put plaintiff on notice. Additionally, defendants argued that there was good cause for purposes of MCR 2.112(L)(2) to allow defendants' challenge because defendants' substantial rights were affected by not receiving the NOI, a medical malpractice action cannot be commenced against a defendant if an NOI is not provided to that defendant, and plaintiff had notice that defendants would assert this defense.

After a hearing on defendants' summary disposition motion, the trial court issued a written opinion and order granting the motion. The trial court noted that the parties had relied on matters beyond the pleadings, and it determined that the motion would be treated as one brought under MCR 2.116(C)(10). The trial court concluded that summary disposition in defendants' favor was warranted because plaintiff violated MCL 600.2912b(1) by completely failing to serve an NOI on defendants before filing the complaint even though their addresses were reasonably determinable.

Plaintiff moved for reconsideration, arguing, as pertinent to this appeal, that defendants' motion was untimely and that the trial court's initial ruling failed to address plaintiff's argument regarding the operation of MCR 2.112(L)(2)(a).

In a written opinion and order, the trial court granted plaintiff's motion for reconsideration and ruled that defendants' summary disposition motion was denied. The trial

court concluded that defendants, by filing their answers and then challenging the NOI in their subsequent summary disposition motion, failed to comply with the clear language in MCR 2.112(L)(2)(a) requiring a challenge to the NOI to be made by a motion filed at the time that the first response to the complaint is filed. Additionally, the trial court concluded that the court rule did not permit defendants to preserve a challenge to the NOI by merely raising it in the affirmative defenses in their answers because an answer is a pleading rather than a motion. The trial court further determined that there was no showing of good cause to allow defendants' untimely challenge.

Defendants sought leave to appeal from the trial court's order, arguing that MCR 2.112(L)(2)(a), which applies in "a medical malpractice action," was inapplicable in this case where the NOI was not properly served or actually received by defendants because plaintiff failed to comply with MCL 600.2912b and therefore a medical malpractice action could not have been commenced.

This Court granted leave to appeal limited to the issues raised in the application and the supporting brief. *Sanders v McLaren-Macomb*, unpublished order of the Court of Appeals, entered March 3, 2017 (Docket No. 336409). However, Judge GLEICHER indicated that she would have denied defendants' application because their argument lacked merit, stating that "the issue in this case is whether defendants were obligated to abide by the Court Rules, which clearly set forth when a challenge to an NOI must be made," and "[d]efendants' belief that the case had never been properly filed does not excuse their flagrant disregard of [] MCR 2.112(L[)](2)." *Sanders*, unpub order (GLEICHER, J., dissenting), citing *Saffian v Simmons*, 477 Mich 8; 727 NW2d 132 (2007).

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Saffian*, 477 Mich at 12. The trial court treated defendants' motion for summary disposition as one brought pursuant to MCR 2.116(C)(10), under which "[s]ummary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law," *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008) (quotation marks and citation omitted). In deciding a motion under MCR 2.116(C)(10), a court reviews "the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Id.* at 466-467 (quotation marks and citation omitted).

This Court reviews a trial court's ruling on a motion for reconsideration for an abuse of discretion. *In re Estate of Moukalled*, 269 Mich App 708, 713; 714 NW2d 400 (2006). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian*, 477 Mich at 12. MCR 2.119(F)(3) requires the party moving for reconsideration to "demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." The trial court has "considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *In re Estate of Moukalled*, 269 Mich App at 714 (quotation marks and citation omitted).

Finally, we review de novo both questions of law and the interpretation of statutes and court rules. *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 309-310; 901 NW2d 577 (2017).

### III. ANALYSIS

MCL 600.2912b(1) provides in relevant part that "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced."[7] The manner of providing the NOI to a potential defendant is set forth in MCL 600.2912b(2), which states as follows:

> The notice of intent to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.

These statutory provisions provide specific rules for initiating a medical malpractice action. As our Supreme Court has explained, "[a]lthough a civil action is generally commenced by filing a complaint, a medical malpractice action can only be commenced by filing a timely NOI and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but before the period of limitations has expired." *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 94; 869 NW2d 213 (2015). The statutory requirement that a plaintiff file a timely NOI is "a prerequisite condition to the commencement of a medical malpractice lawsuit," and "the failure to comply with the statutory requirement renders the complaint insufficient to commence the action." *Driver v Naini*, 490 Mich 239, 257; 802 NW2d 311 (2011) (quotation marks and citation omitted).

MCR 2.112(L)(2)(a) provides in pertinent part that "[i]n a medical malpractice action, unless the court allows a later challenge for good cause . . . *all challenges to a notice of intent to sue must be made by motion, filed pursuant to MCR 2.119, at the time the defendant files its first response to the complaint, whether by answer or motion.*" (Emphasis added.) This provision was adopted by an amendment to the court rules that became effective on May 1, 2010. Administrative Order No. 2009-13, 485 Mich cclxxv-cclxxvi (2010).

This Court "interpret[s] court rules using the same principles that govern the interpretation of statutes." *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011). "[W]e look to the plain language of the court rule in order to ascertain its meaning and the intent of the rule must be determined from an examination of the court rule itself and its place within

---

[7] MCL 600.2912b(3), (8), (9) describe specific situations where the 182-day notice period may be shortened, but the length of the notice period is not pertinent to the issue raised on appeal.

the structure of the Michigan Court Rules as a whole." *Decker v Trux R Us, Inc*, 307 Mich App 472, 479; 861 NW2d 59 (2014) (quotation marks and citation omitted). "If the rule's language is plain and unambiguous, then judicial construction is not permitted and the rule must be applied as written." *Id*. (quotation marks and citation omitted).

First, MCR 2.112(L)(2)(a) states that the rule applies specifically to "all challenges to a notice of intent to sue," which, as previously noted, is a prerequisite condition to commencing a lawsuit for medical malpractice. Defendants argue that MCR 2.112(L)(2)(a) is inapplicable in this case because their challenge is based only on a claim that there was a lack of service and is not aimed at the content of the NOI. Thus, defendants argue, MCR 2.112(L)(2)(a) does not apply to their challenge based on a lack of service because the court rule only applies to challenges "*to* a notice of intent to sue." According to defendants, MCR 2.112(L)(2)(a) does not apply to all challenges involving the NOI requirements contained in in MCL 600.2912b.

There are essentially two broad categories of NOI requirements—timing concerns and content concerns—both of which are set forth in MCL 600.2912b. See *Driver*, 490 Mich at 255-258 (explaining the difference between the effect of a failure to comply with "the *content* requirements of MCL 600.2912b(4)"[8] and the effect of a failure to comply with "the *notice-waiting-period* requirements" on the tolling of the statute of limitations); *Tyra*, 498 Mich at 98 (VIVIANO, J., concurring in part and dissenting in part) ("Generally speaking, there are two ways in which a plaintiff can fail to comply with the notice requirements of § 2912b: timing or content."). The purpose of the requirement in MCL 600.2912b that an individual provide advance notice to a potential defendant before filing a medical-malpractice complaint is to encourage settlement and reduce litigation costs. *DeCosta v Gossage*, 486 Mich 116, 122; 782

---

[8] MCL 600.2912b(4) provides:

> (4) The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:
>
> (a) The factual basis for the claim.
>
> (b) The applicable standard of practice or care alleged by the claimant.
>
> (c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.
>
> (d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.
>
> (e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.
>
> (f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

NW2d 734 (2010); see also *Bush v Shabahang*, 484 Mich 156, 174; 772 NW2d 272 (2009) (stating that the "purpose of § 2912b was to provide a mechanism for promoting settlement without the need for formal litigation, reducing the cost of medical malpractice litigation, and providing compensation for meritorious medical malpractice claims that would otherwise be precluded from recovery because of litigation costs") (quotation marks and citation omitted).

In other words, the purpose of the NOI is simply to give advance notice of the claim being made by the plaintiff to facilitate potential settlement. Thus, whether a challenge raised by a defendant is based on the timeliness of the NOI, the plaintiff's compliance with the notice waiting period, a claim that no NOI was received, or the contents of the NOI, the challenge is ultimately directed at the sufficiency of the notice received regarding the plaintiff's intent to sue. Consequently, each of these different types of challenges is just one of the possible grounds on which to challenge the sufficiency of the NOI and is essentially a challenge *to* the NOI. MCR 2.112(L)(2)(a) applies to "all" challenges to an NOI. This Court has recognized in the context of interpreting statutory language that "[t]here cannot be any broader classification than the word *all*, and *all* leaves room for no exceptions." *Peters v Gunnell, Inc*, 253 Mich App 211, 223; 655 NW2d 582, 590 (2002) (quotation marks and citation omitted; alteration in original; emphasis added); see also *People v Monaco*, 474 Mich 48, 55; 710 NW2d 46 (2006) (" 'There is no broader classification than the word "all." In its ordinary and natural meaning, the word "all" leaves no room for exceptions.' ") (Citation omitted). The phrase "all challenges to a notice of intent to sue" in MCR 2.112(L)(2)(a) is therefore broad enough to encompass any of these grounds for challenging the notice given by a plaintiff, including a claim that no such notice was received. *Peters*, 253 Mich App at 223. There is no language in the court rule to indicate that its application is limited only to challenges to the NOI that are based on the content of the NOI.

Next, MCR 2.112(L)(2)(a) states that these challenges to the NOI "*must be made by motion, filed pursuant to MCR 2.119, at the time the defendant files its first response to the complaint*, whether by answer or motion." (Emphasis added.) "The term 'must' indicates that something is mandatory." *Vyletel-Rivard v Rivard*, 286 Mich App 13, 25; 777 NW2d 722 (2009).

Thus, MCR 2.112(L)(2)(a) plainly requires a defendant to make any challenge to the sufficiency of the notice provided of plaintiff's intent to sue by filing a motion at the same time that the defendant files a first response to the complaint. The language is unambiguous and must be applied as written. *Decker*, 307 Mich App at 479. As Chief Justice KELLY explained in concurring to the adoption of the amendment to MCR 2.112 that is at issue in this case,

> [t]he amendments of MCR 2.112 and 2.118 serve to inject logic and equity into the procedural requirements governing medical malpractice cases. MCR 2.112(L)(2)(a), as amended, requires a defendant to challenge a notice of intent to sue in the defendant's first response to the complaint. This is not a novel concept. Rather it is entirely consistent with the time limits on defendants asserting other affirmative defenses. See, e.g., MCR 2.116(C)(1) to (3) and (5) to (7); MCR 2.116(D)(1) and (2). . . . These limits promote judicial economy and efficiency and ensure that preliminary issues are disposed of quickly. [AO 2009-13, 485 Mich at cclxxvii (KELLY, C.J., concurring).]

In this case, plaintiff mailed NOIs to defendants and subsequently filed a complaint against defendants alleging malpractice. After the complaint was filed, defendants claimed that they never received an NOI from plaintiff. Defendants' attorney, Saurbier, requested a copy of the NOI from plaintiff's attorney, Turner, which Turner provided on December 28, 2015. Subsequently, MHSI and UNA filed an answer on January 15, 2016, and Dr. Veyna filed an answer on February 9, 2016. Both answers raised as an affirmative defense that plaintiff's claims were barred due to failing to properly file and provide the NOI. Then, on March 4, 2016, after filing their answers, defendants collectively moved for summary disposition, arguing that they did not receive the notice required under MCL 600.2912b to commence a medical malpractice action. As previously discussed, defendants' claim that they did not receive notice constituted a challenge to the NOI, and defendants were therefore required to raise this challenge by motion filed at the time of their first response to the complaint. MCR 2.112(L)(2)(a). However, defendants did not raise this challenge by motion until March 4, 2016, well after their answers had been filed. An answer is not a "motion" under MCR 2.119 but is instead a "pleading." MCR 2.110(A)(5). There is nothing in MCR 2.112(L)(2)(a) allowing a challenge to the NOI to be preserved by including it within the affirmative defenses included in an answer. Because MCR 2.112(L)(2)(a) states that challenges to the NOI "must" be made by motion and at a specified time, these requirements are mandatory. *Vyletel-Rivard*, 286 Mich App at 25. By raising their challenge to the NOI in a motion filed after their answers, defendants failed to comply with MCR 2.112(L)(2)(a).

Furthermore, defendants argued in the trial court that good cause existed thus justifying their late challenge. Although MCR 2.112(L)(2)(a) provides that a court may allow a later challenge to the NOI "for good cause," there was no good cause in this case to justify permitting defendants' late challenge. The term "good cause" is not defined in MCR 2.112(L), and thus, this Court refers to the dictionary and case law to ascertain its meaning. *In re FG*, 264 Mich App 413, 419; 691 NW2d 465 (2004). We have previously noted that "good cause" may be defined as " '[a] legally sufficient reason,' " *id*., quoting *Black's Law Dictionary* (7th ed.) (alteration in original), or " 'a substantial reason amounting in law to a legal excuse for failing to perform an act required by law,' " *In re FG*, 264 Mich App at 419 (citations omitted).

Here, the record shows that defendants had the necessary information to comply with the requirements of MCR 2.112(L)(2)(a) before defendants filed their answers. Although defendants denied receiving the NOIs before the complaint was filed on December 9, 2015, Turner forwarded a copy of the NOI and the cover letters to Saurbier on December 28, 2015 in response to the request of Suarbier. Furthermore, the documents that Turner sent to Saurbier set forth the addresses to which plaintiff sent NOIs to defendants. As previously noted, defendants filed their respective answers on January 15, 2016, and February 9, 2016, but waited until March 4, 2016, to file their motion for summary disposition arguing that plaintiff failed to provide the notice required under MCL 600.2912b. It is apparent from the record that defendants possessed the information necessary to bring such a claim at the time they filed their answers and thus could have made a timely motion raising this challenge as required by MCR 2.112(L)(2)(a). There was no legally sufficient reason justifying defendants' failure to comply with MCR 2.112(L)(2)(a), and there was consequently no good cause to warrant allowing an untimely challenge to the NOI. *In re FG*, 264 Mich App at 419. Defendants simply neglected to follow the applicable court rule.

Nonetheless, defendants also argue that MCR 2.112(L)(2)(a) is inapplicable in this case because plaintiff could not "commence" a medical malpractice action where she failed to give defendant a timely NOI, and the court rule only applies "[i]n a medical malpractice action."

As previously stated, the statutory requirement that a plaintiff file a timely NOI is "a prerequisite condition to the commencement of a medical malpractice lawsuit," and "the failure to comply with the statutory requirement renders the complaint insufficient to commence the action." *Driver*, 490 Mich at 257 (quotation marks and citation omitted). More specifically, "a medical malpractice action can only be commenced by filing a timely NOI and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but before the period of limitations has expired." *Tyra*, 498 Mich at 94. With respect to the requirement of providing a timely NOI, our Supreme Court has explained that "Michigan employs a 'mailbox rule' for providing this notice of intent." *Haksluoto*, 500 Mich at 310. MCL 600.2912b(2) specifically provides that "[p]roof of the mailing constitutes prima facie evidence of compliance with this section."

In *Saffian*, 477 Mich at 9, the Michigan Supreme Court addressed the question of "whether defendant, who chose not to respond to a summons and complaint because he believed it was accompanied by a technically deficient affidavit of merit under MCL 600.2912d(1),[9] could be defaulted." The plaintiff in *Saffian* had filed a medical malpractice action, and an

---

[9] MCL 600.2912d(1) provides:

(1) Subject to subsection (2), the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169. The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:

(a) The applicable standard of practice or care.

(b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.

(c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.

(d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.

affidavit of merit accompanied the complaint. *Id*. at 10. The defendant did not timely answer, and the plaintiff filed a default. *Id*. On appeal, the defendant argued that if the affidavit of merit is technically deficient, then no action was ever "commenced" and there was no duty to answer the complaint. *Id*. at 13. Our Supreme Court held that "where an affidavit of merit is filed with a medical malpractice complaint, a defendant must timely answer or otherwise file some responsive pleading to the complaint, or else be subject to a default." *Id*. at 16. The *Saffian* Court reasoned that the defendant was not authorized "to determine unilaterally whether the plaintiff's affidavit of merit satisfies the requirements of MCL 600.2912d." *Id*. at 13. The Court further reasoned that an affidavit is presumed valid when it is filed, that "[i]t is only in subsequent judicial proceedings that the presumption can be rebutted," and that it is for the court to determine whether the pleadings are sufficient. *Id*. No such presumption would exist if no affidavit had been filed. *Id*. Additionally, the *Saffian* Court explained that "this more orderly process of honoring the presumption of the validity of pleadings," and requiring the defendant to first comply with the Court Rule requiring the timely filing of an answer before formally challenging the plaintiff's affidavit of merit,, "reduces the chaotic uncertainty that allowing the defendant to decline to answer would introduce." *Id*. at 14.

*Saffian* guides our decision in this case. Placing that case in its historical perspective helps explain why.

In *Scarsella v Pollak*, 461 Mich 547, 549, 552-553; 607 NW2d 711 (2000), the Supreme Court held that a medical malpractice complaint filed without the affidavit of merit required by MCL 600.2912d was not "commenced" and therefore did not toll the running of the statute of limitations. Two published decisions of this Court rapidly followed *Scarsella*. In both, this Court held that a defect in an affidavit of merit operated in the same manner as no affidavit at all: the underlying lawsuit was not commenced. See *Mouradian v Goldberg*, 256 Mich App 566; 664 NW2d 805 (2003), and *Geralds v Munson Healthcare*, 259 Mich App 225; 673 NW2d 792 (2003). When *Saffian* reached the Supreme Court in 2007, the law as established by this Court was essentially that a medical malpractice case was not commenced if the affidavit of merit accompanying the complaint was in any way defective. Nevertheless, in *Saffian*, our Supreme Court unequivocally held that defendants were compelled to comply with MCR 2.108(A)(6) and timely answer the complaint, despite any alleged defect in the affidavit.

In *Kirkaldy v Rim*, 478 Mich 581, 583, 586; 734 NW2d 201 (2007), our Supreme Court overruled *Geralds* and *Mouradian* and held that a medical malpractice action is considered "commenced" even if the affidavit of merit filed with their complaint is defective in some respect. That our Supreme Court did not need to overrule *Geralds* and *Mouradian* when deciding *Saffian* underscores our Supreme Court's acknowledgment that the Court Rules control practice and procedure in the circuit courts. *Saffian* implicated a Court Rule that the defendants believed could be ignored, because the underlying legal principal – that a malpractice case was not commenced unless the affidavit of merit met the statutory standards – would shield this choice. The defendant's "unilateral belief" in the legal rightness of their cause, however, did not save them.

The case before us is analytically no different than *Saffian*. Here, defendants unilaterally determined that plaintiff's alleged failure to mail the notices of intent to the correct addresses excused defendants from complying with the Court Rule governing challenges to NOIs. Like the

defendant in *Saffian*, defendants here made that decision at their peril. Defendants' assumption that a court would ultimately agree that plaintiffs had not "commenced" this case does not excuse defendants' failure to play by the rules established by our Supreme Court, just as it did not excuse the defendant in *Saffian*.

In a brief order issued in *Auslander v Chernick*, 480 Mich 910; 739 NW2d 620 (2007),[10] however, our Supreme Court adopted the unpublished Court of Appeals dissenting opinion in that case and held that where plaintiffs completely failed to attach the necessary affidavits of merit to the complaint, the defendants "were never required to raise or plead their asserted defenses in the first instance because this medical malpractice action was never properly commenced," *Auslander v Chernick*, unpublished per curiam opinion of the Court of Appeals, issued May 1, 2007 (Docket No. 274079) (JANSEN, J., dissenting), p 1.

In this case plaintiff mailed NOIs to defendants, and the proof of mailing indicating that these NOIs were addressed to defendants is part of the lower court record, which provides prima facie evidence of plaintiff's compliance with the requirement to provide defendants with the required notice. MCL 600.2912b(2); *Haksluoto*, 500 Mich at 310. After waiting a period of time, plaintiff subsequently filed her complaint with an affidavit of merit. Therefore, plaintiff made the necessary filings, and her actions taken as a whole also show prima facie compliance with the complete set of requirements for commencing a medical malpractice action. *Tyra*, 498 Mich at 94. Accordingly, if defendants believed that there were deficiencies that existed in plaintiff's compliance with these requirements, defendants were obligated to raise these challenges according to the appropriate procedural rules and could not unilaterally determine that plaintiff's compliance was inadequate. *Saffian*, 477 Mich at 13. Plaintiff's notices of intent were presumed to be valid until rebutted in judicial proceedings where the court could determine their legal sufficiency, see *Saffian*, 477 Mich at 13, 14. Furthermore, defendants were not excused from the procedural requirements set forth in MCR 2.112(L)(2) because unlike *Auslander*, where plaintiff entirely neglected to make a necessary filing, here, plaintiff complied with MCL 600.2912b by mailing notices of intent to the defendants. Thus, defendants in this case were entitled to challenge the sufficiency of the notice they received by claiming they never received the NOIs, but they were required to make that challenge according to the requirements of MCR 2.112(L)(2)(a). See *Saffian*, 477 Mich at 13, 14, 16; see also *Tyra*, 498 Mich at 102 (VIVIANO, J., concurring in part and dissenting in part) ("Although an action may be subject to attack because it was not commenced in compliance with a statutory prerequisite, the consequences that might flow from the failure to comply with the prerequisite are not self-executing.").

In conclusion, we hold that MCR 2.112(L)(2)(a) requires all challenges to the NOI to be made by motion at the time that the first response to the complaint is filed, and defendants failed to comply with this requirement. Regardless of how defendants attempt to label their challenge, it is ultimately a challenge to the NOI. Defendants forfeited their challenge to the NOI by failing

---

[10] An order of the Michigan Supreme Court is binding precedent if it includes an understandable rationale supporting its decision. See *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 196; 650 NW2d 364 (2002); *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

to comply with the requirements of the court rule. See MCR 2.111(F)(2) (stating in pertinent part that a "defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted"); *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 69; 642 NW2d 663 (2002) ("[A] 'forfeiture' is the failure to assert a right in a timely fashion."). Accordingly, we affirm the trial court's order granting reconsideration and denying defendants' motion for summary disposition.[11]

Affirmed. Plaintiff, having prevailed, may tax costs. MCR 7.219(A).


/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle

---

[11] Plaintiff also makes additional arguments that she in fact complied with the requirements of MCL 600.2912b and that dismissal without prejudice would be the proper remedy if plaintiff actually failed to comply with the notice requirements. However, in light of our disposition in this case, these arguments are moot, and we decline to address them. "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "As a general rule, an appellate court will not decide moot issues." *Id*.