*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEWREZ LLC, doing business as SHELLPOINT MORTGAGE SERVICING LLC,

UNPUBLISHED
April 16, 2025
1:42 PM

Plaintiff-Appellee,

v

No. 370055
Oakland Circuit Court
LC No. 2023-198789-CH

RICHARD MOWETT and SYLVESTRA MOWETT,

Defendants-Appellants.

Before: BORRELLO, P.J., and RIORDAN and PATEL, JJ.

PER CURIAM.

Defendants, who are husband and wife, appeal as of right the trial court's order granting plaintiff summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and extinguishing defendants' December 1, 2006 mortgage ("the 2006 mortgage") on a property located in Waterford, Michigan ("the property"). We affirm.

## I. BACKGROUND

This case arises from plaintiff's attempt to quiet title to the property, which is owned by defendants' son, David Mowett, by extinguishing the 2006 mortgage from the chain of title. The 2006 mortgage involved the mortgagor, David Mowett, mortgaging and warranting the property to defendants, the mortgagees.[1] Specifically, the "rents, income, and profits" from the property "secure[d] the performance of this agreement and the payment of the principal sum of" $120,000 until the mortgage was "fully paid." The 2006 mortgage, and a December 1, 2006 promissory note executed the same day ("the promissory note"), indicated that the sum was owed by August 1, 2007. Another mortgage was executed on the property on October 15, 2007 ("the 2007

---

[1] The 2006 mortgage was recorded in the Oakland County Register of Deeds on December 8, 2006, in Liber 38388, Page 509.

-1-

mortgage"), by the mortgagors, David Mowett and Michael Mowett, and the mortgagee, Washington Mutual Bank.[2]  The mortgagors agreed to pay the mortgagee $273,000 plus interest "in full not later than November 01, 2037."  Under the section titled "TRANSFER OF RIGHTS IN THE PROPERTY," the 2007 mortgage stated:

> This Security Instrument secures to Lender: (i) the repayment of the Loan . . . and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, warrant, grant and convey to Lender, and Lender's successors and assigns, with power of sale, the following described property. . . .

Also on October 15, 2007, a settlement statement was issued by the United States Department of Housing and Urban Development between David Mowett, the borrower, and Washington National Bank, the lender ("the settlement statement").  Under Line 120 of the settlement statement, the gross amount due from the borrower, David Mowett, was $133,647.81.  Included in this amount was a "Payoff Lien" to defendants, which totaled $120,000 (Line 104), and settlement charges of $13,647.81 (Line 103).  The principal amount of the new loan was $273,000 (Line 202).  Stated differently, David Mowett received $139,352.19 (Line 303).  This was the sum of the new loan minus the gross amount due.  David Mowett signed the settlement statement.  On September 23, 2019, the 2007 mortgage was assigned by a successor mortgagee, J.P. Morgan Chase Bank, to plaintiff ("the assignment").[3]

On February 13, 2023, plaintiff filed a complaint to quiet title to the property, alleging that defendants were "paid off" and the 2006 mortgage was satisfied.  However, because defendants never recorded a discharge, the 2006 mortgage remained a lien on the property.  Plaintiff requested that the trial court extinguish the 2006 mortgage and declare that it was "not a valid lien encumbering" the property.  Defendants each answered the complaint *in propria persona*, stating that the 2006 mortgage was "not satisfied" and "shall not be extinguished."  Plaintiff moved for summary disposition under MCR 2.116(C)(7) and (C)(10), contending: (1) there was no genuine issue of material fact that defendants were paid in full for the 2006 mortgage when the 2007 mortgage originated; and (2) defendants failed to discharge the 2006 mortgage within 60 days of payment.

On November 27, 2023, the trial court ordered (1) the motion for summary disposition to be heard on January 17, 2024; (2) defendants to file a response brief by December 20, 2023; and (3) any reply brief to be filed by January 3, 2024.  On January 10, 2024, defendants' counsel entered an appearance on behalf of defendants and moved to adjourn the hearing for plaintiff's motion for summary disposition.[4]  Apparently, however, on January 17, 2024, the trial court

---

[2] The 2007 mortgage was recorded in the Oakland County Register of Deeds on November 8, 2007, in Liber 39738, Page 96.

[3] The assignment was recorded in the Oakland County Register of Deeds on September 23, 2019, in Liber 53282, Page 462.

[4] Defendants' motion to adjourn was scheduled to be heard on January 24, 2024.  There is no record indicating that the trial court heard or decided the motion to adjourn.

nonetheless held the scheduled hearing; the transcript of that hearing has not been provided to this Court by defendants. Regardless, also on January 17, 2024, the trial court issued an opinion and order granting plaintiff's motion for summary disposition under MCR 2.116(C)(10) and extinguishing the 2006 mortgage. The trial court explained:

> Plaintiff argues that, while Defendants' answer to the complaint stated that their December 2006 mortgage was not satisfied, Defendants have not responded to Plaintiff's discovery requests with evidence that the mortgage was not satisfied. To support its position, Plaintiff has submitted a HUD Settlement Statement dated October 15, 2007, which Plaintiff states shows a payoff of Defendants' December 2006 mortgage. Line 104 of the Settlement Statement appears to show a $120,000 payoff to Defendants. Defendants have not filed a response to Plaintiff's motion for summary disposition and, therefore, have not submitted evidence demonstrating a genuine issue of material fact for trial.

> Based on Plaintiff's arguments and the evidence submitted in support of Plaintiff's motion, the Court grants Plaintiff's motion for summary disposition under MCR 2.116(C)(10) and extinguishes the mortgage held by Defendants dated December 1, 2006, in Liber 38488, Page 509, Oakland County Records.

Defendants moved for reconsideration of the trial court's opinion and order. Defendants contended that the trial court should reconsider its decision because the statute of limitations barred plaintiff's claim to quiet title and, alternatively, because defendants never intended to discharge the 2006 mortgage but instead used it to secure a December 13, 2007 loan. The trial court denied the motion for reconsideration, reasoning as follows:

> The Court is not persuaded that it palpably erred in granting Plaintiff's motion for summary disposition. Defendants did not file a response to the motion for summary disposition and therefore did not raise the statute of limitations issue as a defense to the motion. In addition, Defendants have not shown that the initial loan amount was not fully satisfied. While Defendants argue that they loaned their son an additional $110,000 in 2007, that they believed would be secured by their mortgage, they have submitted no evidence showing any agreement to such an arrangement. While Defendants refer to "Exhibit B," no exhibits were submitted with the motion for reconsideration.

Defendants now appeal.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

Regarding the preserved quiet-title issue, this Court reviews the motion for summary disposition under the standard of review applicable to MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). This Court "review[s] de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *Id.* at 160.

-3-

When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*Id.* (quotation marks and citations omitted).]

Further, typically, "[a]n action to quiet title is an equitable action that we also review de novo." *Beach v Lima Twp*, 489 Mich 99, 106; 802 NW2d 1 (2011). "Statutory interpretation is a question of law, which this Court . . . reviews de novo." *O'Neal v St John Hosp & Med Ctr*, 487 Mich 485, 493; 791 NW2d 853 (2010).[5]

However, defendants' arguments concerning the statute of limitations, future advances, and plaintiff's counsel not abiding by an alleged stipulation to adjourn the motion hearing are not preserved for appellate review because they were not raised in the trial court until seeking reconsideration, and defendants did not respond to plaintiff's motion for summary disposition as directed by the trial court. To the extent that these arguments were raised in the motion for reconsideration, an issue is not properly preserved when raised for the first time on reconsideration. See *In re Estate of Schroeder*, 335 Mich App 107, 119; 966 NW2d 209 (2020). Moreover, "[i]n civil cases, Michigan follows the raise or waive rule of appellate review. Under that rule, litigants must preserve an issue for appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) (quotation marks and citation omitted). "If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Id*.

Regarding the preserved challenge to the trial court's denial of the motion for reconsideration, "[t]his Court reviews a trial court's decision to grant or deny a motion for reconsideration for an abuse of discretion." *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019). "A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes." *Id*. This Court has found "no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order." *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008) (quotation marks and citation omitted).

B. QUIET TITLE, SUMMARY DISPOSITION, AND UNPRESERVED ISSUES

Defendants contend that the trial court erred by granting plaintiff's motion for summary disposition and quieting title in plaintiff. We disagree.

---

[5] Although defendants do not argue the trial court erred by denying its motion to adjourn, generally, "[a] trial court's ruling on a motion to adjourn is reviewed for an abuse of discretion. An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 27-28; 930 NW2d 393 (2018) (quotation marks and citations omitted).

"A suit to quiet title or remove a cloud on a title is one in equity." *McFerren v B & B Inv Group*, 253 Mich App 517, 522; 655 NW2d 779 (2002); see also MCL 600.2932(5). "In a quiet-title action, the plaintiff has the initial burden of establishing a prima facie case of title. . . . If the plaintiff establishes a prima facie case of title, the burden shifts to the defendant to prove superior right or title." *1373 Moulin, LLC v Wolf*, 341 Mich App 652, 664-665; 992 NW2d 314 (2022) (quotation marks and citations omitted). "If the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto." MCL 600.2932(3). MCL 600.2932(1) states:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

Regarding the discharge of a mortgage, MCL 565.41(1) states:

> Within the applicable time period . . . after a mortgage has been paid or otherwise satisfied, the mortgagee or the personal representative, successor, or assign of the mortgagee shall prepare a discharge of the mortgage, file the discharge with the register of deeds for the county where the mortgaged property is located, and pay the fee for recording the discharge.

Further, concerning the timing of the discharge of a mortgage, MCL 565.44(2) states:

> The discharge of mortgage, execution and acknowledgment of a certificate, or filing of a discharge of mortgage required by this section or [MCL 565.41] shall be performed within whichever of the following time periods is applicable:
>
> (a) For the first 2 years after the effective date of the amendatory act that added this subsection, 75 days.
>
> (b) Beginning 2 years after the effective date of the amendatory act that added this subsection, 60 days.[6]

In this case, plaintiff presented sufficient evidence establishing that the 2006 mortgage was satisfied. In particular, plaintiff offered as evidence the October 15, 2007 settlement statement obtained by David Mowett when he secured the 2007 mortgage. Line 104 of the settlement statement indicated a $120,000 payoff to defendants for a lien. This amount was the same as the principal sum of the 2006 mortgage. The settlement statement further reflects that the payoff amount of $120,000 and settlement charges of $13,647.61 were subtracted from the total amount of the $273,000 loan, or principal sum, of the 2007 mortgage. The total amount David Mowett was listed as borrowing was $139,352.19, as listed in Line 303. Defendants failed to come forward

---

[6] MCL 564.44(2) was added by 2004 PA 447.

with any evidence countering plaintiff's evidence. Thus, there is no genuine issue of material fact that the 2006 mortgage was satisfied, yet defendants failed to execute a timely discharge of the mortgage under MCL 565.41(1) and MCL 565.44(2).

Because this is a civil case, defendants' remaining arguments challenging the trial court's opinion and order granting plaintiff's motion for summary disposition are waived. See *Tolas Oil*, 347 Mich App at 289-290. As noted, defendants did not oppose plaintiff's motion for summary disposition. After the trial court issued an opinion and order granting plaintiff's motion for summary disposition, defendants moved for reconsideration and requested that the trial court set aside its opinion and order. However, the arguments raised on appeal regarding the statute of limitations and the future advance loan were not presented until defendants moved for reconsideration. See *In re Estate of Schroeder*, 335 Mich App at 119 ("[W]hen an issue is first raised in a motion for reconsideration, it is not properly preserved."). As explained *infra*, the trial court did not err by failing to consider those arguments.[7]

Accordingly, we affirm the trial court's grant of summary disposition in favor of plaintiff.[8]

## C. RECONSIDERATION

Defendants next contend that the trial court did not properly consider various objections presented for the first time in their motion for reconsideration. We disagree.

"MCR 2.119(F)(3) requires the party moving for reconsideration to 'demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.' " *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018), quoting MCR 2.119(F)(3). "The trial court has considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *Id.* at 264-265 (quotation marks and citation omitted). "Ordinarily, a trial court has discretion on a motion for reconsideration to decline to

---

[7] Defendants also assert that they were disadvantaged when plaintiff's counsel argued in favor of the motion for summary disposition on the originally scheduled hearing date after he stipulated to the relief requested in defendants' motion to adjourn. This argument is abandoned on appeal because of inadequate briefing. See *ER Drugs v Dep't of Health & Human Servs*, 341 Mich App 133, 146-147; 988 NW2d 826 (2022) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted). Aside from defendants' unsupported contentions, there was no evidence, such as an affidavit, to indicate that plaintiff's counsel made this agreement. Moreover, we note that the transcript of the January 17, 2024 hearing, if such a hearing occurred, was not provided to this Court. Thus, we cannot adequately explore the merits of defendants' argument in this regard.

[8] Plaintiff asserts that the instant appeal is vexatious. We disagree and decline to assess damages because we do not believe that this appeal was made "without any reasonable basis for belief that there was a meritorious issue to be determined on appeal." MCR 7.216(C)(1)(a).

consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012).

When moving for reconsideration, defendants argued that plaintiff's quiet-title claim was time-barred under the statute of limitations, and that the 2006 mortgage cannot be extinguished when defendants used and relied upon it to secure another loan made on December 13, 2007. Contrary to defendants' assertions, however, the trial court had discretion to decline considering the referenced arguments and evidence, which could have been presented before it decided plaintiff's motion for summary disposition. *Yoost*, 295 Mich App at 220. Indeed, the latter argument was not supported by documentary evidence even when the motion for reconsideration was filed. The trial court did not abuse its discretion by denying reconsideration based on new legal theories. *Woods*, 277 Mich App at 630. Moreover:

> If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue. However, this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented. [*Tolas Oil*, 347 Mich App at 289-290 (quotation marks and citations omitted).]

None of the circumstances allowing this Court to overlook the preservation requirements exist in this case.[9]

---

[9] The primary argument raised on reconsideration was that plaintiff's complaint is time-barred under the statute of limitations. "An action to quiet title, i.e., to determine an interest in real property, brought under MCL 600.2932 is subject to the 15-year limitations period in MCL 600.5801(4)." *Wells Fargo Bank, NA v SBC IV REO, LLC*, 318 Mich App 72, 106; 896 NW2d 821 (2016). In short, plaintiff was the assignee of the 2007 mortgage. Defendants were the mortgagees of the 2006 mortgage, which included a loan of $120,000 to the mortgagor, David Mowett. As part of the settlement statement, a $120,000 payoff was made to defendants on October 15, 2007. On the same date, the 2007 mortgage originated, which included a loan for $273,000. Defendants assert that (1) October 15, 2007, was the date of accrual; (2) the filing deadline was October 15, 2022; and (3) plaintiff did not file its complaint until February 13, 2023. Thus, defendants argue, plaintiff's claim is barred by the 15-year statute of limitations. However, even if this argument potentially is viable, it cannot be considered because it was waived.

Another argument raised on reconsideration was that defendants did not intend to discharge the 2006 mortgage because they used it to secure a December 13, 2007 loan. As a result, defendants contend, the 2006 mortgage cannot be extinguished. Defendants observe that under *Deutsche Bank Trust Co Americas v Spot Realty, Inc*, 269 Mich App 607, 614; 714 NW2d 409 (2005), "[a] future advance mortgage is not . . . satisfied unless the debt is paid off and future advances are terminated." (Quotation marks omitted.) Even if this caselaw is applicable, the lower court record did not include documentation of a December 13, 2007 loan. Instead, such evidence was only presented on appeal and thus cannot be considered by us. See *Sherman v Sea Ray Boats,*

### III. CONCLUSION

The trial court did not err by granting summary disposition in favor of plaintiff on its claim to quiet title to the property and extinguish the 2006 mortgage under MCR 2.116(C)(10). Defendants' remaining arguments concerning the statute of limitations and a future advance loan are waived. Further, defendants' argument concerning alleged misconduct by plaintiff's counsel was abandoned on appeal for inadequate briefing. Finally, the trial court did not abuse its discretion by denying reconsideration based on new legal theories.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Riordan
/s/ Sima G. Patel

---

*Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal.").

As a last resort, defendants argue on appeal neither the 2006 mortgage or the 2007 mortgage are "in first lien holder position" and, instead, a "2004 mortgage as described in liber 38487, page 682" was reinstated by a "December 2006 Rescission of Release." Because this argument was not presented in the trial court, it is waived. *Tolas Oil*, 347 Mich App at 289. Defendants purported to attach the rescission of release as Exhibit 4 to their brief on appeal. This exhibit was not attached and, even if it was, cannot be considered. *Sherman*, 251 Mich App at 56.