*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARCUS MCADOO,

      Plaintiff-Appellant,

v

ARRIANNA WARE and JOSHUA POWELL,

      Defendants,

and

AUTO-OWNERS INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
January 28, 2026
8:39 AM

No. 373425
Wayne Circuit Court
LC No. 23-006729-NI

Before: BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

In this uninsured and underinsured motorist benefits case, the trial court granted partial summary disposition in defendant insurance company's favor solely on the basis of deposition testimony providing that the owner of the vehicle in question was insured at the time of the accident. Other record evidence, however, undermines that testimony. We reverse and remand for further proceedings.

## I. BACKGROUND

This case arises out of a fatal motor vehicle accident in the early morning hours of May 20, 2022, in Detroit. Defendant Arrianna Ware was driving a vehicle owned by defendant Joshua Powell. She struck a vehicle driven by plaintiff, Marcus McAdoo, as he was driving to work. One of Ware's passengers was not wearing a seatbelt, was ejected from the vehicle, and died from his injuries. For her role in the accident, Ware was convicted of reckless driving causing death.

Plaintiff brought this suit seeking uninsured motorist ("UM") and underinsured motorist ("UIM") benefits to cover treatment of injuries sustained in the accident under his policy issued by defendant Auto Owners. The trial court granted partial summary disposition in Auto Owners'

-1-

favor after noting that, while Ware was uninsured, Powell testified that he had automobile insurance at the time of the accident. On that basis alone, the trial court concluded that plaintiff was not entitled to UM and UIM benefits. Plaintiff unsuccessfully moved for reconsideration, and now appeals by leave granted.

## II. ANALYSIS

"We review de novo a trial court's decision on a motion for summary disposition." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 109; 1 NW3d 44 (2023) (quotation marks and citation omitted). Auto Owners moved for partial summary disposition under MCR 2.116(C)(10), which "tests the factual sufficiency of a complaint." *Kandil-Elsayed*, 512 Mich at 109 (quotation marks and citation omitted). In deciding such a motion, "a court reviews the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party," *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018) (quotation marks and citation omitted), and "may grant summary disposition in favor of the moving party when . . . there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law," *McNeal v Lincolnshire 2007 Ltd Dividend Housing Ass'n, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 370549); slip op at 2 (alteration in original; quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Auto Owners satisfied its "initial burden to support its claim for summary disposition" by directing the trial court to deposition testimony asserting Powell had insurance at the time of the accident. *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). That shifted the burden to plaintiff to "demonstrate that a genuine issue of disputed fact exists for trial." *Id.* To do so, plaintiff "must, by affidavits or as otherwise provided [by the court rules], set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). We hold that plaintiff adequately rebutted Auto Owners' motion and thus the trial court erred in granting partial summary disposition in Auto Owners' favor.

Numerous facts in the record contradict Auto Owners' assertion that Powell was insured at the time of the accident. Consider first a carrier discovery report showing that Powell's policy from April 19, 2022 through October 19, 2022—i.e., the one that Powell said was in effect at the time of the accident—was "cancelled." Next take Powell's driving history. Five months before the May accident, he was cited for driving without insurance, which calls into question Powell's testimony explaining he knew he had insurance because his birthday is in January and insurance was required for license plate renewal at that time. Consider too plaintiff's submission of a report from L.A. Insurance showing its policy for Powell expired on February 1, 2020, and that there were no other policies after that time, as well as letters from National General, Allstate, and Progressive stating Powell did not have a policy with them on May 30, 2022. That documentation runs counter to Powell's assertion that his insurance would have been through one of those four entities, and not through any other insurance agency.

The record also reveals other reasons for why jurors could find Powell's account incredible and thus insufficient to support Auto Owners' motion for summary disposition. Powell could not

provide the name of his insurance agency or when he obtained the insurance. He was also unemployed and had no income to pay for such insurance at the time of the accident. And no insurance was produced at the accident scene. This evidence raises a credibility issue that a jury must decide. See *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 630; 739 NW2d 132 (2007).

Finally, Auto Owners' argument[1] that plaintiff's supporting documentation does not definitively indicate Powell was uninsured ignores the relative burden shifting that applies when evaluating a motion under MCR 2.116(C)(10). In opposing defendant's motion for summary disposition, plaintiff was not required to definitively prove Powell was uninsured. Rather, plaintiff was only required to provide sufficient evidence to establish a question of material fact as to whether Powell had insurance. See *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019). Viewing the evidence in the light most favorable to plaintiff, as we must, there exists a genuine issue of material fact as to whether Powell had insurance at the time of the accident.

## III. CONCLUSION

For these reasons, we reverse the trial court's order granting partial summary disposition in defendant's favor and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock

---

[1] Auto Owners also contends the evidence provided by plaintiff on reconsideration was not presented during summary disposition and should not be considered on appeal. See *Johnson v Mich Assigned Claims Plan*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368048); slip op at 1-2 (citation and quotation marks omitted). On thorough review, we cannot agree with that representation of the record.